UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

DANIEL JOSEPH SUTTER,
SHERYL LYNN SUTTER,
Debtors/Appellants,

Case No. 08-cv-11174
HON. ANNA DIGGS TAYLOR

05-38115

_____/

## MEMORANDUM OPINION AND ORDER

Appellants filed an appeal of the Bankruptcy Court's findings dated February 29, 2008 and March 12, 2008. More specifically, Appellants appeal (1) the Bankruptcy Court's February 29, 2008 Order sustaining the Trustee's objection to the Debtors' claim of exemption under 11 U.S.C. §522; and (2) the court's March 12, 2008 Order granting the Trustee's Motion to sell the mortgage interest to Saxon Mortgage Services, Inc (hereinafter "Saxon"). Appellants challenge the decision on a number of bases, specifically, that the Mortgage document was forged and therefore a nullity, that they never transferred an interest in the property, and any transfer allegedly made must be deemed involuntary. For the reasons explained more fully herein, the Court finds that the decision of the bankruptcy court is reversed and this case is remanded for further determination and clarification.

### I.
*Procedural Background*

On November 21, 2005, Appellants filed for relief under Chapter 13 of the Bankruptcy Code in an attempt to keep their home from foreclosure. Thereafter, Saxon filed its proof of claim. On February 21, 2006, Appellants filed their objection to the proof of claim. On May 1, 2006,

1

Appellants filed an Adversary Proceeding seeking to disallow Saxon's secured lien per 11 U.S.C. §502. The counts relevant for this appeal are Counts I and II. Count I sought disallowance of Saxon's claim under 11 U.S.C. §502(b)(1) and Count II sought avoidance of a preferential transfer pursuant to 11 U.S.C. §544(a)(3). U.S. Bank moved for summary judgment arguing that the documents and testimony of record evidenced Appellants' intent to grant Saxon a $78,000 mortgage on the subject property, regardless of any alleged forgery and that U.S. Bank held an equitable mortgage interest in the property. On March 1, 2007, Appellants filed a motion for summary judgment arguing that the mortgage lien was invalid because their signatures on the Mortgage were forged and therefore *void ab initio*. On April 24, 2007, the bankruptcy court heard oral arguments and ruled that Appellants' motion for summary judgment was granted on Counts I and II.[1] The court held that the signatures on the mortgage were not those of Appellants and that the mortgage was avoided under 11 U.S.C. §544, and, therefore, preserved for the bankruptcy estate. On July 25, 2007, the bankruptcy court held a hearing concerning Appellees' objections to Appellants' proposed order. The Trustee objected arguing that the order failed to contain language allowing the trustee to avoid the mortgage pursuant to 11 U.S.C. §544. Appellants' counsel argued that the court should not have granted the relief in Counts I and II as they were pled alternatively and requested different and inconsistent relief. The court sustained the Trustee's objections and allowed him to add language avoiding the mortgage for the benefit of the estate. The Order was signed and dated on July 25, 2007. This Order was not appealed.

Appellants subsequently requested a homestead exemption in the real property under 11

---

[1] This court made further findings about the additional counts, however, only Counts I and II are relevant for the instant appeal.

U.S.C. §522(g). U.S. Bank, Saxon and the Chapter 13 Trustee objected. The bankruptcy court heard oral arguments and sustained the parties' objections to the exemption.

Saxon eventually offered to buy the estate's mortgage interest in the property for $30,000 and a waiver from Saxon of its $83,498.26 claim against the bankruptcy estate. The Trustee filed a motion with the bankruptcy court to approve the sale. Oral arguments were held on March 12, 2008 and the court granted Trustee's Motion for Approval of Sale of Estate's Interest in a Mortgage attaching to the Property. An Order to that effect was entered on March 31, 2008. The Appellants filed a timely Notice of Appeal on March 19, 2008. On May 1, 2008, Appellants' brief was filed. On May 21, 2008, Appellees' brief was filed. On August 11, 2008, oral arguments were heard and this matter was taken under advisement.

## II.

### *Standard of Review*

### *Jurisdiction and Standard of Review*

This Court has jurisdiction under 28 U.S.C. § 158(a) to hear bankruptcy appeals. A bankruptcy court's findings of fact must be upheld unless clearly erroneous. *In re Downs*, 103 F.3d 472, 476-77 (6th Cir.1996). A bankruptcy court's conclusions of law are reviewed *de novo*. *Stephens Indus. Corp., Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir.1986).

## III.

### *Discussion*

### *522(g)*

Under 11 U.S.C. §522(g), debtors may exempt any property that the trustee recovers using its various trustee avoidance powers if the property was involuntarily transferred away from the

debtor and if the debtor did not conceal the property. *In re Young*, 238 B.R. 112, 115 (6th Cir. 1999); 11 U.S.C. §522(g).

Appellants argued that based upon the bankruptcy court's April 24, 2007 ruling that the Mortgage clearly had not been signed by the Appellants, that a valid mortgage did not exist and therefore there was no transfer. Appellants further argued that any transfer alleged to have occurred must be deemed involuntary as the Mortgage was procured by fraud, thus entitling them to a homestead exemption pursuant to 11 U.S.C. §522(g).

Appellees argued that Appellants were not entitled to a homestead exemption as the transfer was voluntary and they intended to enter into a mortgage with New Century Mortgage. The bankruptcy court agreed with Appellees and ruled that, ". . .under 522 that the transaction involved here was indeed a voluntary transfer. The debtors did - - did indeed intend to execute a mortgage." (B.Ct. Trans. dated 2/5/08, p. 19 lines 20-22).

It is apparent that the court recognized that a mortgage interest had not been transferred by traditional methods, i.e. a signed, valid mortgage document. In fact, at its hearing on April 24, 2007, the court determined that the Appellants signatures did not appear on the Mortgage document. (B.Ct. Trans. dated 4/24/07 p. 53 lines 1 - 2). The court went on to say, "And it appears that the parties do agree that in the case of a signature on a deed that was procured by a fraud or that's a forgery, that the subsequent incident required interest under the forged instrument are in no better position as to title that they had purchased with notice." [sic] (B.Ct. Trans. dated 4/24/07, p. 53 lines 4-8). It can be inferred from that holding that the bankruptcy court made a determination that the Mortgage document was not signed by the Appellants and an inference was made that the signatures had been forged.

4

In *Special Prop VI, LLC v Woodruff*, 273 Mich. App. 586 (2007), the court wrote: "It is well settled, however, that "[t]here can be no such thing as a bona fide holder under a forged deed, whose good faith confers any rights against the party whose name has been forged, or those claiming under him." *VanderWall v Midkiff*, 166 Mich App 668, 685 (1988), citing *Horvath v National Mortgage Co*, 238 Mich 354, 360 (1927). To the contrary, "[w]here a deed is forged, those innocently acquiring interests under the forged deed are in no better position as to title than if they had purchased with notice." *VanderWall, supra.*

This court must first note that the loan originated with New Century Mortgage. New Century later assigned the subject mortgage to U.S. Bank. Therefore, based on clearly established Michigan law, U.S. Bank had no greater title than New Century.

The bankruptcy court held that although Appellants did not sign the Mortgage, the transfer was still voluntary, which precluded Appellants from being granted a homestead exemption pursuant to §522(g). In fact, the court stated that it is "very clear . . . that these debtors intended to have a mortgage put on their house." (B.Ct. Trans. dated 4/24/07, p. 58 lines 8-10). The court also stated that the facts support a strong basis for an equitable mortgage argument and that if required to do so, it would be inclined to rule that Saxon held an equitable mortgage interest in Appellants property. (B.Ct. Trans. dated 4/24/07, p. 53 lines 13-17) The court further stated "this court will reserve the right if need be to address the equitable mortgage issue." (B.Ct. Trans. dated 4/24/07, p. 53 Lines 22-23).

The bankruptcy court based its rulings in large part on the inference that an equitable mortgage exists and that Appellants clearly intended to grant a mortgage to New Century Mortgage. However, while such a determination is critical to the outcome of this case, the bankruptcy court

merely made such a statement *in dicta* and reserved the option to make a specific holding regarding such if need be. Additionally, Appellees based a significant portion of its arguments against Appellants on the existence of an equitable mortgage. The bankruptcy court's determination that the transfer of property was voluntary was primarily based upon the argument that it appeared that Appellants "intend to execute a mortgage." (B. Ct. Trans. dated 2/5/08 at p. 19 lines 21-22).

Appellees argue that equity dictates that relief should be granted to them and an equitable mortgage be presumed to exist. Appellants argue that an equitable remedy is inappropriate as Appellee or its predecessors have unclean hands. This court cannot base its determination on comments made *in dicta* by the bankruptcy court and heavily relied upon by Appellees. The finding of whether or not an equitable mortgage exists is essential to this court's determination about whether the transfer was voluntary or involuntary. If there is no legal basis to find the existence of an equitable mortgage, then the court could determine that the transfer was involuntary and the bankruptcy court should have granted the homestead exemption. If, however, the court determines based on all of the record evidence submitted that an equitable mortgage exists, the bankruptcy court would have properly determined that the transfer was voluntary and that the homestead exemption was inappropriate.

Accordingly, the February 29 and March 12, 2008 Orders must be reversed and the case remanded to the bankruptcy court for a determination as to whether an equitable mortgage exists and application of such finding to the appealed orders.

## IV.

For the reasons detailed above,

IT IS ORDERED THAT the February 29 and March 12, 2008 Orders of the bankruptcy court are REVERSED and the case is REMANDED for a determination on the equitable mortgage issue.

**IT IS SO ORDERED**.

DATED: September 23, 2008                         s/Anna Diggs Taylor
                                                  ANNA DIGGS TAYLOR
                                                  UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 23, 2008.

s/Johnetta M. Curry-Williams
Case Manager